IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-129-D

| | | |
|---|---|---|
| SHONTAY HOUSE and MARY VEGA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER ON BILL OF COSTS** |
| | ) | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, BROCK & SCOTT, PLLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the clerk on the motion for bill of costs [DE-40] filed by defendants Federal Home Loan Mortgage Corporation and Brock & Scott, PLLC. Plaintiffs failed to file any objections or a motion for disallowance of costs, and the time for doing so has expired. See Local Civil Rule 54.1(b)(1). The matter is therefore ripe for determination. For the reasons set forth below, the motion for bill of costs is allowed in part.

## BACKGROUND

On September 28, 2016, the court granted defendant's motion for summary judgment, denied plaintiff's motion for partial summary judgment, and entered judgment in favor of defendants [DE-39]. Defendants timely filed a motion for bill of costs [DE-40] on October 12, 2016.

## DISCUSSION

Defendants seek costs under Rule 54(d)(1) as the prevailing parties in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts

may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendants seek recovery of $3,017.05 in costs from plaintiffs.

First, defendants seek reimbursement in the amount of $400.00 for the filing fee and administrative fee they paid when removing the action to this court from state court. Title 28, United States Code Section 1920(1) provides that fees of the clerk may be taxed, and accordingly this request is granted.

Second, defendants seek costs for the transcripts of the depositions of both plaintiffs. Under 28 U.S.C. § 1920(2), fees of the court reporter for all or any part of the transcripts necessarily obtained for use in the case may be taxed against the losing party. The deposition transcripts were cited by both plaintiffs and defendants in support of the summary judgment briefing in this case, and the undersigned finds that the depositions were necessarily obtained for use in the case. Nevertheless, defendants' request for costs pursuant to § 1920(2) is disallowed without prejudice to renew.

The invoices submitted by defendants in support of the request for costs include charges for shipping and handling, exhibit copies, witness signatures letters, and expedited processing. This court has construed 28 U.S.C. § 1920(2) and Local Civil Rule 54.1 as not encompassing any of these charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015 ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts,

2

litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Hexion v. Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C., June 27, 2012) (disallowing costs for shipping and postage); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Additionally, the invoices for the depositions all include charges for "Original/Copy" of the deposition transcript. Local Civil Rule 54.1(c)(1)(a) specifies that allowable costs normally only include the charge for the original transcript of the deposition. Accordingly, defendants' request for costs for the deposition transcripts of plaintiffs is disallowed. Defendants may reapply for the costs of the original transcript of the depositions of these witnesses by filing a request with appropriate supporting documentation within 14 days of this order.

Finally, defendants seek costs pursuant to § 1920(4) for the fees charged by the Local Government Federal Credit Union for researching and copying plaintiff Vega's bank records. Title 28, United States Code Section 1920(4) allows for fees exemplification and copies of papers necessarily obtained for use in the case. Here, defendants submitted the acquired documents in support of its motion for summary judgment. In the absence of any objection by the plaintiffs, the undersigned finds that the copies were made for use in the case. The defendants' request for $40.50 in costs pursuant to § 1920(4) is allowed.

## CONCLUSION

In summary, defendants' motion for bill of costs [DE-40] is GRANTED in part. As the prevailing party, defendants Federal Home Loan Mortgage Corporation and Brock & Scott, PLLC are awarded (1) $400.00 in costs pursuant to § 1920(1) and (2) $40.50 in costs pursuant to § 1920(4). Total costs in the amount of $440.50 are taxed against plaintiffs and shall be included in the judgment. Within 14 days of this order, defendants may reapply for costs for the deposition transcripts of plaintiffs with adequate documentation as specified herein.

SO ORDERED. This the 22nd day of December, 2016.

_____
Julie Richards Johnston
Clerk of Court